HON. RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WASTE ACTION PROJECT,

    Plaintiff,

v.

VALENTINE SURFACING CO.,

    Defendant.

Case No. 12-05062RBL

**CONSENT DECREE**

## I.    STIPULATIONS

Plaintiff Waste Action Project sent a sixty day notice of intent to sue letter to Defendant Valentine Surfacing Company, whose true name is Valentine Surfacing Co. ("Valentine Surfacing") on November 17, 2011, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Valentine Surfacing's Facility in Vancouver, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs.

Since the issuance of November 17, 2011 notice letter, Valentine Surfacing has terminated industrial activities at its Vancouver, Washington facility for reasons unrelated to this litigation.

Valentine Surfacing denies any fault, wrongdoing, or liability regarding all claims and alleged violations.

CONSENT DECREE: No. 12-05062RBL
p. 1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Waste Action Project and Valentine Surfacing agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

Waste Action Project and Valentine Surfacing stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Waste Action Project's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this August _21_, 2012

VALENTINE SURFACING CO.                    WASTE ACTION PROJECT

By _/s/ Charles Valentine_____    By _/s/ Greg Wingard_____
                                          Greg Wingard
Title: President_____     Title: _Executive Director_____

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties.  Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This court has jurisdiction over the parties and subject matter of this action.

2. Each signator for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree applies to the operation, oversight, or both by Defendant Valentine Surfacing of its Facility at 14018 Northwest Third Court, Vancouver, Washington 98685 (the "*Facility*").

5. This Consent Decree is a full and complete settlement of the claims in the complaint  and all other claims known and unknown existing as of the date of entry of this

CONSENT DECREE: No. 12-05062RBL
p. 2

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this decree is Waste Action Project's exclusive remedy for any violation of its terms. The terms of settlement herein shall survive termination of this Consent Decree.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waste Action Project in this case or of any fact or conclusion of law related to those allegations. It is not evidence of any wrongdoing or misconduct on the part of Valentine Surfacing.

7. Valentine Surfacing agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this decree:

   a. Not later than thirty (30) days following the date of entry of this Consent Decree, Valentine Surfacing will cease all its operations at the Facility.

   b. Not later than thirty (30) days following the date of entry of this Consent Decree, Valentine Surfacing will transmit to the Washington Department of Ecology a complete Notice of Termination Form seeking termination of the Facility's National Pollutant Discharge Elimination System permit number WAR010864 (the "***NPDES permit***"), with a copy provided to Waste Action Project on that same date.

   c. Valentine Surfacing will forward a copy of the Department of Ecology's notification of NPDES permit termination to Waste Action Project within fourteen (14) days of receipt. Valentine Surfacing will forward copies of all other written or electronic communications between it and the Department of Ecology concerning its NPDES permit and the Clean Water Act to Waste Action Project on or before the NPDES permit's quarterly due dates for discharge monitoring reports. This obligation will continue through the termination date of this Consent Decree.

8. Not later than 30 days after entry of this Consent Decree, Valentine Surfacing will pay $500.00 (FIVE HUNDRED DOLLARS) to Fish First for the West Daybreak habitat

CONSENT DECREE: No. 12-05062RBL
p. 3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

restoration project in the Lewis River watershed, described in Attachment A to this Consent Decree. A check shall be made to the order of Fish First. Payment shall be sent to Fish First, P.O. Box 1505, Woodland, WA 98674. Payment shall include the following reference on the check or a cover letter: "Consent Decree, WAP v. Valentine Surfacing." A copy of the check and cover letter, if any, shall be sent simultaneously to: Greg Wingard, Waste Action Project, P.O. Box 4832, Seattle, WA 98194.

9. Valentine Surfacing will pay Waste Action Project's reasonable attorney and expert fees and costs in the amount of $9,000 (NINE THOUSAND DOLLARS). Payment will be made within 30 days of the entry of this decree by check payable and mailed to Smith & Lowney, PLLC, 2317 E. John Street, Seattle, Washington 98112, attn: Brian Knutsen. This payment is full and complete satisfaction of any claims Waste Action Project may have under the Clean Water Act for fees and costs.

10. A force majeure event is any event outside the reasonable control of Valentine Surfacing that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Valentine Surfacing notifies Waste Action Project of the event; the steps that Valentine Surfacing will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Valentine Surfacing will notify Waste Action Project of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

  a. Acts of God, war, insurrection, or civil disturbance;

CONSENT DECREE: No. 12-05062RBL
p. 4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

      b.      Earthquakes, landslides, fire, floods;

      c.      Actions or inactions of third parties over which defendant has no control;

      d.      Unusually adverse weather conditions;

      e.      Restraint by court order or order of public authority;

      f.      Strikes; and

      g.      Litigation, arbitration, or mediation that causes delay.

11. This court retains jurisdiction over this matter. And, while this decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the notice, whichever occurs first, either party may file a motion with this court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, shall apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent Decree by the parties, Waste Action Project shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

CONSENT DECREE: No. 12-05062RBL
p. 5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

13. This Consent Decree takes effect upon entry by the court. It terminates upon Waste Action Project's receipt of the Washington Department of Ecology's written notification that termination of the NPDES permit is effective or upon receipt of the payment required under paragraph 8 of this Consent Decree, whichever occurs last.

14. Both parties have participated in drafting this decree.

15. This Consent Decree may be modified only upon the approval of the court.

16. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

17. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 16.

**if to WAP:**

Waste Action Project
P.O. Box 4832
Seattle, WA  98194
email: gwingard@earthlink.net

**and to:**

Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
email: clairet@igc.org

CONSENT DECREE: No. 12-05062RBL
p. 6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

**if to Valentine Surfacing**:

Valentine Surfacing, Co.
14018 N.W. 3rd Court
Vancouver, WA  98685
email:  chuck@valentinesurfacing.com

**and to:**

David D. Jahn
Heurlin, Potter, Jahn, Leatham & Holtmann, P.S.
PO Box 611
Vancouver, WA  98666
email:  ddj@hpl-law.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day.  A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 11th day of September, 2012.

_____
Ronald B. Leighton
United States District Judge

CONSENT DECREE: No. 12-05062RBL
p. 7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  Presented by:

2

3  HEURLIN, POTTER, JAHN,          SMITH & LOWNEY PLLC
   LEATHAM & HOLTMANN, P.S.

4

5  By */s/ Stephen G. Leatham*         By */s/ Brian A. Knutsen*
       Stephen G. Leatham, WSBA #15572      Brian A. Knutsen, WSBA #38806
6  Attorneys for Defendant             Attorneys for Plaintiff
   Valentine Surfacing Co.             Waste Action Project

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CONSENT DECREE: No. 12-05062RBL
p. 8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883